UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ALVARADO,<br><br>   Petitioner,<br><br>   v.<br><br>KRISTI NOEM, et al.,<br><br>   Respondents. | No. 1:25-cv-01959-DJC-CSK<br><br><br>ORDER |

On December 29, 2025, the Court granted Petitioner's Motion for Temporary Restraining Order and ordered Respondents to show cause, in writing, as to why it should not issue a preliminary injunction on the same terms as the Temporary Restraining Order.  (ECF No. 7.)  Respondents filed a response (ECF No. 8), and Petitioner filed a reply (ECF No. 9).  As Respondents failed to file an opposition to Petitioner's initial Motion, the response filed by Respondents is the first time Respondents have raised arguments against granting preliminary injunctive relief.

Respondents arguments largely do not address Petitioner's deferred action status that was the basis of the Court's initial order.  Respondents limited arguments on this point are two-fold.

First, Respondents argue that Petitioner is subject to removal even though he was granted deferred action by the Government because the final order of removal "requires that the Attorney General 'shall' remove the alien."  (ECF No. 8 at 2.)  This

argument is entirely without merit. Deferred action is "a form of prosecutorial discretion whereby the Department of Homeland Security declines to pursue the removal of a person unlawfully present in the United States." *Ariz. Dream Act Coal. v. Brewer*, 855 F.3d 957, 967 (9th Cir. 2017); *see De Sousa v. Dir. of USCIS*, 755 F. Supp. 3d 1266, 1270 (N.D. Cal. 2024) ("'Deferred action' refers to an 'exercise in administrative discretion' under which 'no action will thereafter be taken to proceed' with the applicant's removal from the United States." (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 484 (1999)); *see also Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 912 (collecting "Ninth Circuit opinions confirm[ing] that deferred action prevents recipients' removal from the United States.") (W.D. Wash. July 24, 2025). Respondents argument that the "shall" included the final removal order necessarily trumps the Government's exercise of prosecutorial discretion to not pursue Petitioner's removal and instead mandates his removal finds no support in case law.

Second, Respondents argue that "are no legal or policy impediments to ICE enforcement actions for those with pending U visas," and thus Petitioner "may be detained by ICE." (ECF No. 8 at 3.) The fact that ICE does not have a policy preventing Petitioner's detention does not establish that detention is valid and warranted. Petitioner is not subject to removal because he was granted deferred removal by the government, not because he submitted a U Visa application. As Petitioner is not subject to removal, there is definitionally no likelihood of removal in the foreseeable future and Respondents have no legal justification for detaining him. *See Ayala v. Bondi*, No. 2:25-cv-01063-JNW-TLF, 2025 WL 2209708, at *4 (W.D. Wash. Aug. 4, 2025).

Based on Petitioner's deferred action status, the Government has declined to pursue Petitioner's removal. As such, and for the reasons stated in the Court's prior order (ECF No. 7), Petitioner has established a likelihood of success on the merits of his Petition based on the claim that his detention was unlawful. Petitioner also

established irreparable harm and that the balance of equities/public interest weigh in his favor, again for the reasons stated in the Court's prior order.

Accordingly, IT IS HEREBY ORDERED that:

1. A Preliminary Injunction shall issue on the same terms set forth in the Temporary Restraining Order (ECF No. 7).
2. Having released Petitioner as required by the Temporary Restraining Order, Respondents shall not impose any additional restrictions on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing.
3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.
4. This Order shall remain in effect until the resolution of this action or until otherwise ordered by the Court.
5. This matter is referred to the assigned Magistrate Judge for all further proceedings.

IT IS SO ORDERED.

Dated: **January 13, 2026**

*Daniel J. Calabretta*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3