UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ALVARADO (A-205-386-861), | No.  1:25-cv-01959 DJC CSK |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| KRISTI NOEM, et al., | |
| Respondents. | |

Petitioner Carlos Alvarado (A-205-386-861), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner argues that he is not subject to removal based on his deferred action status and that his continued detention violates statutory authority and petitioner's due process rights under the Fifth Amendment (claims one and two).  (Id.)  For the following reasons, this Court recommends that the petition be granted.

I.      LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas

1

corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.      DISCUSSION

On December 21, 2025, petitioner filed his habeas petition.  (ECF No. 1.)  On December 22, 2025, petitioner filed a motion for a temporary restraining order.  (ECF No. 4.)  Petitioner, who is subject to a final order of removal, argued that his detention by immigration authorities violated his statutory and due process rights based on his deferred action status.  (ECF No. 4.)  Respondents did not file an opposition to the motion for temporary restraining order despite being given the opportunity to do so.  (ECF No. 5; see docket.)  On December 29, 2025, the district court granted petitioner's motion for a temporary restraining order.  (ECF No. 7.)  The district court found that as a deferred action recipient, petitioner was not subject to further government action to remove him until that status was lifted.  (Id.)  In addition to ordering petitioner's immediate release, the district court ordered that respondents were enjoined and restrained from re-arresting or re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating petitioner's arrest and detention, and a timely hearing.  (Id.)  The district court ordered that at any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a flight risk, and petitioner shall be allowed to have his counsel present.  (Id.)  The district court ordered respondents to show cause by January 5, 2026 why the district court should not issue a preliminary injunction on the same terms and conditions imposed in the order granting the temporary restraining order.  (Id.)

On January 5, 2026, respondents filed a response to the December 29, 2025 order.  (ECF No. 8.)  On January 5, 2026, petitioner filed a reply to respondents' response.  (ECF No. 9.)

Respondents argued that petitioner was subject to removal even though he was granted deferred action by the government because petitioner's final order of removal required that the Attorney General "shall" remove an alien.  (See ECF No. 10 at 1.)  Citing  Ariz. Dream Act Coal. v. Brewer, 855 F.3d 957, 967 (9th Cir. 2017), De Sousa v. Dir. Of USCIS, 755 F. Supp. 3d 1266, 1270 (N.D Cal. 2024) and Sepulveda Ayala v. Bondi, 794 F. Supp. 3d 901, 912 (W.D. Wash. July 24, 2025), the district court found that this argument was without merit.  (Id. at 1-2.)  Citing Ayala v. Bondi, 2025 WL 2209708, at *2 (W.D. Wash. Aug. 4, 2025), the district court also rejected respondents' argument that there were no legal or policy impediments to ICE enforcement actions for those with pending U visas.  (Id. at 2.)  The district court granted the preliminary injunction on the same terms as the temporary restraining order and further ordered that having released petitioner, respondents shall not impose any additional restrictions on petitioner, such as electronic monitoring, unless that was determined to be necessary at a future pre-deprivation/custody hearing.  (Id. at 3.)  The district court referred this action to the undersigned for all further proceedings.  (Id.)

On February 25, 2026, in response to this Court's January 26, 2026 order, respondents filed an answer and petitioner filed a reply to the answer.  (ECF Nos. 15, 16.)  In the answer, respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225 as an "applicant for admission."  (ECF No. 15 at 1-2.)  In the reply, petitioner correctly observes that because petitioner has a final order of removal, petitioner is not subject to 8 U.S.C. § 1225(b).  (ECF No. 16 at 2.)  For this reason, this Court will not further address respondents' argument that petitioner is an "applicant for admission" subject to 8 U.S.C. §1225(b).

This Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents had no authority to detain petitioner due to petitioner's deferred action status.  See Brewer, 855 F.3d at 967;  De Sousa, 755 F. Supp. 3d at 1270; Sepulveda Ayala, 794 F. Supp. 3d at 912; Ayala, 2025 WL 2209708, at *2.  As the district court explained, because petitioner is not subject to removal as a deferred action recipient, there is "no likelihood of removal in the foreseeable future and Respondents have no legal justification for detaining him." 1/14/2026 Order at 2 (citing Ayala, 2025 WL 2209708, at *4); see also Brewer, 855 F.3d at 967;

3

De Sousa, 755 F. Supp. 3d at 1270 ("'Deferred action' refers to an 'exercise in administrative discretion' under which 'no action will thereafter be taken to proceed' with the applicant's removal from the United States.") (quoting Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 484 (1999)); Sepulveda Ayala, 794 F. Supp. 3d at 912 (collecting "Ninth Circuit opinions confirm[ing] that deferred action prevents recipients' removal from the United States.")).  As the district court found, respondents' argument that there are no legal or policy impediments to ICE enforcement actions for those with pending U visas is without merit: "The fact that ICE does not have a policy preventing Petitioner's detention does not establish that detention is valid and warranted.  Petitioner is not subject to removal because he was granted deferred removal by the government, not because he submitted a U Visa application."  1/14/2026 Order at 2; Ayala, 2025 WL 2209708, at *2.  This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-arresting or re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have his counsel present.

**III.    CONCLUSION**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus be GRANTED.

2. A permanent injunction be issued enjoining and restraining respondents from re-arresting or re-detaining petitioner Carlos Alvarado (A-205-386-861) absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have his counsel present.

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 18, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Alva1959.157(3)/2